**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MONTANA**
**BILLINGS DIVISION**

UNITED STATES OF AMERICA,

Plaintiff,

vs.

DANIELL KATHLEEN HAMMILL,

Defendant,

FIRST INTERSTATE BANK,

Garnishee.

CR 25-112-BLG-WWM-2

ORDER DENYING MOTION AS MOOT

On September 24th, the United States filed an *Ex Parte* Application for Writ of Garnishment. (Doc. 88). The Court issued a Writ of Garnishment ("Writ") on September 28th. (Doc. 89). The United States served the Writ on Garnishee First Interstate Bank ("Garnishee") on September 29th. (Doc. 92). Garnishee answered the Writ on October 5th, and noted that it has custody of amounts in which Defendant has an interest that would allow satisfaction of her fine. (Doc. 93). On October 16th, counsel for the United States filed a Motion to Terminate Ex Parte Writ of Garnishment ("Motion"). (Doc. 94). The Motion states that Defendant Kathleen Hammill ("Ms. Hammill") has paid the outstanding fine, and the

judgment is now entirely satisfied. *Id.* Counsel for the United States now requests that the Court issue an order terminating the Writ. *Id.*

The Federal Debt Collection Procedures Act ("FDCPA") is the statutory procedure utilized by the United States for the collection of nearly all debts owed. 28 U.S.C. § 3001(a). The process for the United States to pursue is very structured and precise. *United States SBA v. Bensal*, 853 F.3d 992, 994 (9th Cir. 2017) ("Congress enacted [the FDCPA] 'to create a comprehensive statutory framework for the collection of debts owed to the United States government.'") (quoting *United States v. Gianelli*, 543 F.3d 1178, 1183 (9th Cir. 2008). This process may only be modified by court order. 28 U.S.C. § 3013 ("The court may . . . make an order denying, limiting, conditioning, regulating, extending, or modifying the use of any enforcement procedure under this chapter"). As the United States notes in the Motion, termination of a writ may be effecuated by one of three conditions: (1) court order; (2) exhaustion of nonexempt property in possession of the garnishee; *or* (3) satisfaction of the debt. 28 U.S.C. § 3205(c)(10)(A)-(C). The statutory structure makes clear that a court order is not necessary to terminate a writ if the debt has been satisfied.

With the government's representation that the debt has been satisfied, all that remains to be done in this matter is the submission of a written accounting to

both the debtor and the garnishee by the United States by October 26th (within 10 days of the termination of the garnishment). This mechanism is designed to remove any possibility that the parties will lack clarity as to whether the Writ is still in effect. 28 U.S.C. § 3205(c)(9)(B).

Accordingly,

**IT IS HEREBY ORDERED** that the Motion is DENIED as moot.

**IT IS FURTHER ORDERED** that the United States shall provide a cumulative written accounting to Ms. Hammill and Garnishee within 10 days of the satisfaction of the judgment and file notice with the Court, pursuant to 28 U.S.C. § 3205(9)(B).

The Clerk of Court is directed to notify the parties of the making of this Order.

DATED this 23rd day of October, 2026.

WILLIAM W. MERCER
UNITED STATES DISTRICT JUDGE